**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| KELLY DAWN WOODS | ) | Case No. 10-70870 |
| | ) | |
| Debtor. | ) | |

## <u>MEMORANDUM DECISION</u>

On June 1, 2010, Superior Financial Services ("Superior") filed a Motion for

Approval of a Reaffirmation Agreement seeking the Court's approval of a reaffirmation

agreement (the "agreement") signed by the Debtor, Kelly Dawn Woods, on May 19, 2010,

regarding a 2005 Dodge Durango Truck which Superior had financed for her.  A review of the

agreement indicates that it contemplates reaffirmation of an indebtedness of $8,251.82 plus

interest at the rate of 21.00% per annum in twenty-seven monthly installments of $386.11 per

month.  The Durango is valued in Schedule B at $8,200, while the Motion before the Court

asserts that the value of the vehicle is $14,025.  The Motion states that the Debtor was

represented by an attorney during the course of negotiation, and lists the Debtor's monthly

income as $2,165.66 and monthly expenses, inclusive of the Durango payment, as $2,153.92.

These figures are the same as those represented in the Debtor's bankruptcy schedules I and J.

A hearing was held before the Court on July 7, 2010.  At that time both the Debtor

and her attorney, Maria Timoney, Esq., appeared.  David Hutton, Esq. appeared on behalf of

Superior.  At that hearing Ms. Timoney stated that she was unwilling to sign the attorney's

certification with respect to the agreement because of concerns about the Debtor's precarious

financial circumstances.  Although the Debtor's income and expenses indicate that the Debtor,

after paying the monthly expense for this vehicle and her other expenses, has approximately $11

of net income leftover, counsel was unwilling to certify that the reaffirmation of this indebtedness

would not impose an undue hardship on the Debtor and/or her dependents.  Such counsel did not

make any contention that she was not representing the Debtor with respect to the agreement.

Because Debtor's counsel has declined to certify in light of the Debtor's financial circumstances,

the Court concludes that it has no proper basis to consider approval of the agreement.


CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28

U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District

Court on July 24, 1984.  This matter is a "core" bankruptcy proceeding pursuant to 28 U.S.C. §

157(b)(2)(O) in that it involves the adjustment, or at least potential adjustment, of the debtor-

creditor relationship and contemplates the debtor's waiver of the benefit of a discharge with

respect to a particular obligation when there is no showing, such as is the case here, that there is

any valid basis to deny a discharge or except a particular debt from such discharge.

This Court previously ruled[1] that 11 U.S.C. § 524(c), (d), and (k)(5) - (7) do not

provide for the Court to approve a reaffirmation agreement when a debtor was represented by

counsel during the negotiation of a reaffirmation agreement except in the very limited situation

that counsel has certified in his or her opinion the "debtor is able to make the payment" even

though a presumption of undue hardship has been established.  In such a situation it is the

responsibility of the Court to determine whether the presumption of "undue hardship" has been

---

[1] *See In re Allison*, No. 09-71737 (Bankr. W.D. Va. Dec. 4, 2009); *In re Morris*, No. 09-72667 (Bankr. W.D. Va. Feb. 10, 2010); *In re Raymond*, No. 10-70693 (Bankr. W.D. Va. June 8, 2010).

2

"rebutted to the satisfaction of the court" pursuant to 11 U.S.C. § 524(m)(1), and then only if the

creditor is not a credit union within the provision of 11 U.S.C. § 524(m)(2).  The Bankruptcy

Code does not authorize the Court to relieve counsel for a debtor of his or her responsibility under

such section when counsel is not willing to certify but the client still wants to reaffirm.  *See In re*

*Calabrese*, 353 B.R. 925 (Bankr. M.D. Fla. 2006).  If counsel is not willing to certify in the first

place, that is supposed to be the end of the matter and the reaffirmation agreement is not legally

effective.  As the Court has observed previously, these provisions obviously create a very definite

tension between counsel's role as counselor to his or her client and that of advocate to assist his

or her client in accomplishing the client's lawful objectives.  However, the way this section is

constructed makes an attorney, in effect, a gate keeper against well intentioned but ill advised

reaffirmations of existing obligations, at least in those situations in which the attorney is

representing the debtor with respect to such matters.  Because Debtor's counsel has declined to

certify here, the Court concludes that it does not have the authority to approve the agreement over

such counsel's exercise of her professional judgment.

However, neither the failure of the Court to approve the agreement with Superior

nor the unwillingness of counsel for the Debtor to certify precludes Ms. Woods from continuing

to make the payments or Superior from continuing to accept payments on this debt from her.  The

Bankruptcy Code expressly authorizes such actions.  *See* 11 U.S.C. § 524(l).  The Court further

observes that Ms. Woods appears to have complied with the mandates of the actions required of

her in order to obtain a continuation of the automatic stay pursuant to 11 U.S.C. § 362(h)(1) and

to retain possession of the Dodge Durango pursuant to § 521(a)(6) as long as she maintains her

account in a current status.  The Court does not attempt to rule here on what effect its non-

3

approval of the agreement has upon Superior's right, if any, to enforce any bankruptcy "ipso facto" clause which may appear in its contract with the Debtor.  *See In re Jones*, 591 F.3d 308, 311-12 n. 3 (4th Cir. 2010).  In the event such creditor should undertake to assert such a right while the Debtor remains current in her payment of the contractual obligation to such creditor, the Court grants leave to the Debtor to request that her case be reopened without payment of the usual reopening fee to seek a determination of the rights of the parties with respect to such contention.

An order embodying the Court's Decision denying Superior's Motion will be entered contemporaneously herewith.

DECIDED this 9th day of July, 2010.

William F. Stone, Jr.

UNITED STATES BANKRUPTCY JUDGE